## DECEMBER, 1925

## SOUTHERN CASUALTY COMPANY V. J. W. VATTER.

Application No. 14356.    Decided December 2, 1925.

(278 S. W. 177).

**Jurisdiction of Supreme Court—Bills of Exception.**

A bill of exceptions which showed merely the grounds of objection made by appellant to the introduction of documentary evidence did not establish the existence or absence of facts on which the objection was based. These should have been, but were not, shown by the bill or by appropriate references to the record in appellant's brief. On such bill and brief alleged error in overruling the objection was not so presented as to permit the appellate court to review it; nor did it give the Supreme Court jurisdiction to revise their ruling on writ of error. (P. 149.)

Application for writ of error to the Court of Civil Appeals for the Ninth District, in an appeal from Jefferson County.

Petitioner sought writ of error to review the rulings of the appellate court in affirming a judgment by Vatter against it. Southern Casualty Company v. Vatter, 275 S. W., 1105. The application was dismissed for want of jurisdiction, with a memorandum opinion *per curiam*.

*Howth, Adams & Hart,* for petitioners, cited: Security Trust & Life Ins. Co. v. Stuart, 163 S. W., 396; Quanah A. & P. Ry. Co. v. Drummond, 147 S. W., 728; Henry v. Vaughan, 103 S. W., 192; Newman v. Norris Imp. Co., 147 S. W., 725; Geiger v. Lavin, 110 N. Y., 203; Malsby v. Gamble (Fla.), 54 So., 766; Frorer v. Landon & Mickelberry, 130 Ill. App., 93; McDonald v. Lehigh Valley Ry. Co., 191 Ill. App., 628; Freeman v. Brewster, 93 Ga., 648, 21 S. E., 595; State v. Waite, 101 Iowa, 377, 70 S. W., 595; Rothschild v. Schwartz, 59 N. Y. S., 527; Bridgeport Hdw. Mfg. Co. v. Bouniol, 89 Conn., 254, 93 Atl., 674.

PER CURIAM: This case is dismissed for want of jurisdiction on the authorities cited by the Court of Civil Appeals in its opinion.

The brief of the plaintiff in error in the Court of Civil Appeals contained no statement with proper reference to the pages of the statement of facts showing whether the grounds of objection to the evidence discussed by the Court of Civil Appeals were true. It is therefore unnecessary for this Court to consider whether error would have been shown had the brief of plaintiff in error disclosed the truth of the grounds of its objections.